HUDDLESTON v. CRAIGHEAD COUNTY.

Opinion delivered April 2, 1917.

1. CRIMINAL LAW—CONVICTION OF FELONY—FEE OF PROSECUTING ATTORNEY.—One F. was charged with the illegal sale of liquor and plead guilty; the plea was entered of record and the cause continued for the term. The court thereupon adjudged F. guilty as charged, and ordered that the State recover from him all costs, and finding that F. had no money or property, ordered the clerk to certify the costs to the county for payment. *Held*, under this state of the record that the prosecuting attorney was not entitled to a fee for securing a conviction.

2. PROSECUTING ATTORNEYS—FEES IN FELONY CASES.—The fee allowed the prosecuting attorney is the compensation fixed by law to compensate the full and final discharge of the duty of the prosecuting attorney, to prosecute a felony charge, where the performance of that duty has resulted in the conviction of the person so charged.

Appeal from Craighead Circuit Court, Jonesboro District; *J. F. Gautney*, Judge; affirmed.

*Davis & Costen, Amici Curiae,* on behalf of appellant.

An unconditional plea of guilty is a conviction within the meaning of Kirby's Digest, § 3488. The prosecuting attorney is entitled to his fee when a conviction is secured. The conviction is accomplished before the judgment assessing the penalty is entered and the fee is part of the costs. The court may render judgment for costs and continue the case or suspend sentence, assessing the penalty later. Black's Law Dictionary, 274; 9 Cyc. 865-6; 2 Words & Phrases, 1585; 109 Mass. 323; 12 Am. St. 699; 47 Ark. 444; 58 *Id.* 159, 167; 54 *Id.* 120; 85 Ark. 382; 19 *Id.* 220; 70 *Id.* 65; 94 *Id.* 198; 96 *Id.* 203; 58 *Id.* 167; 47 *Id.* 442; 61 *Id.* 17; 111 *Id.* 465; 12 *Id.* 122; 27 Atl. 867; Kirby's Digest, § 2446.

*Basil Baker* and *Horace Sloan,* for appellant.

A conviction was had and the prosecuting attorney was entitled to his fee to be paid as costs by the county. Kirby's Digest, § 2446, 2471, 3488; 151 Pa. St. 200; 31 Am. St. 738; 86 Ark. 317; 106 *Id.* 29; 63 Wisc. 304; 27 Atl. 867; 179 Mass. 108; 8 Pac. 879; 3 Cald. (Tenn.) 98, 100; 29 Ark. 246; 47 *Id.* 442; 57 *Id.* 209; 44 *Id.* 31; 41 *Id.* 486; 107 *Id.* 115; 73 *Id.* 600.

*Lamb, Turney & Sloan,* for appellee.

1. No judgment against defendant for costs. 107 Ark. 421; 23 Cyc. 901.

2. The costs could not be collected prior to the rendition of a judgment or sentence of defendant. 102 Ark. 43; Kirby's Digest, § § 2469, 2471, 2446; 41 Ark. 486; 107 *Id.* 117.

3. The entry of a plea of guilty is not a conviction. 86 Ark. 317; 106 *Id.* 29; 36 Penn. St. 349; 53 Ill. 311; 15 East. 570; 35 So. 397; 46 Fla. 109; 106 N. W. 107; 73 Atl. 427; 24 L. R. A. (N. S.) 431; 88 Pac. 301. No final judgment was entered—the case was continued.

SMITH, J. This appeal involves the right of a prosecuting attorney to the fee allowed by law for a felony conviction in a case in which the following order was entered:

State of Arkansas, Plaintiff,

v.        No.................

Jim Float, Alias Heavy, Defendant.

Plea of guilty selling liquor.   Cause continued.

Now, on this day, this cause coming on to be heard, came the State of Arkansas by M. P. Huddleston, prosecuting attorney, and comes the defendant, per person, and by his attorney, J. H. Hawthorne, and the defendant, after being advised of the nature of the charge and its penalty, elects in open court to enter a plea of guilty to the charge of selling liquor since January 1, 1916, which plea of guilty is by the court hereby accepted and entered of record, and this cause is by the court, on its own motion, continued for the term.

It is therefore by the court considered, ordered and adjudged that the defendant be, and he is hereby, adjudged guilty of the crime of selling liquor since January 1, 1916, and that the State of Arkansas do have and recover of and from the defendant, Jim Float, alias Heavy, all costs herein expended, and the court further finds that the defendant, Jim Float, alias Heavy, has no money or property out of which said costs can be collected, and that Craighead County is therefore liable for said costs, and the clerk of this court is hereby ordered and directed to properly certify said costs to the county court of Craighead County for payment.

The county court refused to allow the fee, and the circuit court, upon appeal, made a similar order, and this appeal has been prosecuted to reverse that judgment.

The question to be decided is, whether the plea, upon which the judgment set out above was entered, constitutes a conviction within the meaning of section 3488 of Kirby's Digest. And we answer the question in the negative.

The fee allowed is the compensation fixed by law to compensate the full and final discharge of the duty of the prosecuting attorney to prosecute a felony charge, where the performance of that duty has resulted in the conviction of the person so charged.

We concur in the view of the trial judge, in the opinion rendered by him in the court below, that the above section, allowing this fee, should be read in connection with sections 2446 and 2471 of Kirby's Digest. Section 2446 reads as follows:

"Section 2446. In judgments against the defendant, a judgment for costs, in addition to the other punishments, shall be rendered, which shall be taxed by the clerk for the benefit of the officers rendering the services, and, in case of failure by the defendant to pay said costs, they shall be paid by the county where the conviction is had."

Section 2471 provides that the county shall not be liable for costs, when the defendant is convicted, until execution shall have been issued against the property of such *convict,* and returned unsatisfied for the want of property to satisfy the same, unless the court in which the trial was had shall certify that, in the opinion of the court, the costs can not be made out of the property of the defendant. Notwithstanding his *conviction,* by the verdict of a jury, or a plea of guilty, the accused does not become a *convict* until there has been a judgment and sentence by the court. *Owen* v. *State,* 86 Ark. 317; *Michigan-Arkansas Lbr. Co.* v. *Bullington,* 106 Ark. 29.

In the case of *Barwick* v. *State,* 107 Ark. 115, there was a plea of guilty and a continuance of the case under the direction that the fine be imposed at the pleasure of the court, but that the costs should be immediately paid by the defendant. It was there said:

"It may well be doubted whether the costs should be collected until final judgment was rendered against appellant."

It was not necessary to decide in that case whether it could be done or not. However, we are now called upon

to confirm the doubt there expressed; and we do now so hold. The judgment rendered is not a final one. Evidently it was in the contemplation of the court that some further order might be entered. The defendant might be brought in under this plea at some subsequent term, and the punishment then imposed which the plea authorized. On the other hand, such plea might be withdrawn at the discretion of the court at a subsequent day, and a trial thereafter had. Upon such trial, the officer then prosecuting would also demand a fee if a conviction was secured; and, if there was an acquittal, we would have the situation of a fee paid by the county where the accused had been acquitted.

A fee is essentially a creature of the statute, and can not be charged except where express power for its allowance is found; and we think the statute does not allow compensation for securing a provisional order like the one set out above; and the judgment of the court below is, therefore, affirmed.