344 S.W.2d 585 (1961)
BIG ROCK STONE & MATERIAL COMPANY, Appellant,
v.
William T. HOFFMAN et al., Appellees.
No. 5-2338.
Supreme Court of Arkansas.
March 27, 1961.
*586 Wright, Lindsey, Jennings, Lester & Shults, Little Rock, for appellant.
Kenneth Coffelt, Little Rock, for appellees.
GEORGE ROSE SMITH, Justice.
This action was filed by the appellees to recover property damages they had assertedly suffered from the appellant's blasting operations. A trial by jury was completed on April 7, 1960, and ended in a unanimous verdict for the defendant. On May 3 the plaintiffs filed a motion for a new trial, alleging that they had learned that one of the jurors, Roy Bosson, had failed to disclose on voir dire that he was then being represented in a pending case by the defendant's attorneys, the firm now styled Wright, Lindsey, Jennings, Lester & Shults. After a hearing upon the motion the trial judge concluded that a new trial had to be granted in view of our holding in Hot Springs St. Ry. Co. v. Adams, 216 Ark. 506, 226 S.W.2d 354. The defendant has appealed from the order granting the new trial, having filed the assent required in such a case. Ark.Stats.1947, § 27-2101.
There is no dispute about the facts. In July of 1959, which was nine months before the trial of this case, Bosson owned a car upon which he carried a collision insurance policy with a $100-deductible clause. Bosson's son was involved in a collision in which the car was damaged to the extent of $407.30. The insurer duly paid Bosson the sum of $307.30, and as a part of that settlement Bosson executed a release, which also contained an assignment of his cause of action against the other party to the collision and an authorization for the insurer to file suit, if necessary, in Bosson's name.
The insurer was unable to collect its subrogation claim from the other motorist, and it referred the case to the Wright firm. The matter was handled by Winslow Drummond, a member of the firm, who filed suit in Bosson's name pursuant to the authority contained in the release agreement he had executed. There was a slight error in the amount sued for, but it was Drummond's intention to bring suit both for the $100 owed to Bosson and the $307.30 owed to the insurance company. Drummond had no communication of any kind with Bosson in connection with the filing of the suit in Bosson's name. That case was pending when the case at bar was tried, but Bosson did not learn of its pendency until several days after he had joined in the verdict for the defendant in this case.
The present case was defended by two other members of the Wright firm, Robert Lindsey and Robert Shults. At the time of the trial neither of them knew anything whatever about the suit that Drummond had filed in Bosson's name. During the voir dire examination of the jury Mr. Coffelt, the plaintiffs' attorney, asked if any of the jurors had ever been represented in litigation or otherwise by the defendant's attorneys. Bosson, being unaware of the pendency of the action in his name, made no response to counsel's question, and Lindsey and Shults also remained silent, as they too knew nothing about the other case.
After hearing testimony upon the plaintiffs' motion the trial court found specifically that Bosson had no knowledge that the claim had been referred to the Wright firm or that that firm had filed the suit in question. The court held, however, that there was a duty on Bosson's part, "he having previously authorized the filing of a suit in his name, to call that to the attention of the court and the parties and to make inquiry at that time as to what, if anything, had occurred on the authorization which he had previously given and to investigate whether any of the attorneys in this action had filed a suit in his name." The court concluded that under the ruling of the Adams case, supra, he had no alternative except to grant the motion for a new trial.
We think the court was in error. Under the governing statute a new trial is granted for causes "affecting materially the substantial rights" of the party aggrieved. *587 Ark.Stats, § 27-1901. Here it is established by the undisputed proof as well as by the trial court's finding of fact that the plaintiffs could not have been prejudiced by Bosson's participation in the case. Bosson had no knowledge that a suit had been filed in his behalf by the Wright firm or by anyone else, and it was therefore impossible for the pendency of that case to have any effect whatever upon his deliberations and conclusions as a juror. The plaintiffs received everything to which they were entitled; their case was heard and decided by a completely impartial jury.
The facts in the Adams case, relied upon by the trial judge, were significantly different from the situation presented here. There the juror in question was in fact open to a charge of prejudice, as he was aware that he was being represented in a pending case by one of the trial attorneys. The juror acted at least with a culpable lack of candor, if not with actual bad faith, in failing to make a full disclosure upon voir dire. By contrast, Bosson is in no way subject to even a suspicion of bias, and his conduct in failing to respond to Coffelt's inquiry can only be regarded as truthful and candid. The trial court's suggestion that Bosson should have remembered the details of a release executed some nine months earlier and should have inquired about the matter overlooks the fact that Bosson could not have had any reason for prejudice until after the suggested inquiry had been fully pursued. Hence the plaintiffs could not possibly have been hurt by the fact that no such inquiry was undertaken.
Despite the demonstrable absence of any actual harm to the appellees in this case two reasons are nevertheless advanced for an affirmance of the trial court's order. First, it is insisted that the failure to allow a new trial in this case will constitute a precedent opening the door to deliberate fraud in later cases. We do not find this argument convincing. Only in extremely rare instances will there arise a situation like this one, in which a juror is ignorant of the fact that a suit in his behalf is pending. Furthermore, the attorney representing the juror is plainly under a duty to make the facts known if he has any reason to believe that a full disclosure has not been made. Here the defendant's trial counsel were not remiss in failing to announce their representation of Bosson, as they were unaware of it; but ordinarily this duty on the part of the attorney would provide an additional and effective safeguard against the possibility that intentional deceit might be practiced successfully.
The second argument for an affirmance invokes the familiar rule that a court has unlimited control over its judgments during the same term of court and may set them aside without stating any cause. Union Sawmill Co. v. Langley, 188 Ark. 316, 66 S.W.2d 300. This rule, however, does not empower a circuit court to set aside a jury verdict arbitrarily and without reasonable cause. The principle has been mentioned in only one Arkansas case involving a jury verdict, Hill v. Wilson, 216 Ark. 179, 224 S.W.2d 797, and there, unlike the present case, a valid reason for setting aside the verdict was shown to exist.
That the circuit court's control over its judgments during the term does not extend to the matter of setting aside a jury verdict is conclusively shown by the statute permitting an appeal from an order granting a new trial. That statute provides that the appellant must file his assent to judgment absolute against him if the order be affirmed. Ark.Stats. § 27-2101. Yet it is plain enough that every such order would be affirmed if the appellees' argument were sustained, for the court's action would not be subject to review. Consequently the statute can be given meaning and effect only if the court's broad power over its judgments during the term is held to be inapplicable to judgments entered upon the verdict in jury cases.
The order is accordingly reversed and the cause remanded for the entry of a judgment upon the verdict. *588 HARRIS, Chief Justice.
In dissenting, I wish to make clear that I find no fault with the result reached by the Majority, for I agree that in the instant case, neither Bosson nor his attorneys were aware of the fact that another member of the law firm had filed an action in Bosson's behalf. My reason for dissenting is that I think this case will constitute a precedent, opening the door to possible fraud in subsequent cases. The Majority state:
''Bosson had no knowledge that a suit 3had been filed in his behalf by the Wright firm or by anyone else, and it "was therefore impossible for the pendency of that case to have any effect whatever upon his deliberations and conclusions as a juror. The plaintiffs received everything to which they were entitled; their case was heard and decided by a completely impartial jury."
Suppose that a prospective juror genuinely had forgotten that one of the lawyers had filed a lawsuit in his behalf. This is not too far fetched, since, for example, a large real estate company, or bank, frequently "passes the business around" to various attorneys for foreclosures and other real estate litigation. Likewise, an attorney with considerable business could well forget a minor case that he had filed on behalf of the prospective juror. Under the logic of the Majority opinion, no ground for setting aside an adverse verdict would be established; the losing side would not be prejudiced, because representation of the juror by the opposing attorney had been completely forgotten. On the other hand, suppose that the juror had not actually forgotten that one of the lawyers represented him, but just said that he had forgotten. This, in my opinion, places an undue burden upon the Circuit Judge, who, under the Majority opinion, will be forced to find that the juror, in essence, prevaricated, before he can set the verdict aside. In fact, should a case again arise with a factual background identical to the one in issue, the court would be compelled to find that the juror and attorneys wilfully withheld pertinent information before it would be justified in setting aside the verdict. I do not feel that it is appropriate to place such a burden upon the trial judge. It seems to me that it would be far better to have a set, established rule, requiring the setting aside of a verdict under the circumstances herein involved.
I, therefore, respectfully dissent. JOHNSON, J., joins in this dissent.