Billy Ray LEMLEY, Sr *v.* Mrs. C. C. FRICKS, Sr.
ET AL

5-5702                                     475 S.W. 2d 702

Opinion delivered February 7, 1972

*Guy Jones, Tackett, Moore, Dowd & Harrelson and Young & Patton,* for appellant.

*Wheeler, Watkins, Hubbard, Patton & Peek, Charles C. Wine, Arnold & Arnold* and *Atchley, Russel, Russell, Hutchinson & Waldrop,* for appellees.

Lyle Brown, Justice. Jack Lemley, a minor, was injured and his brother, Billy Ray Lemley, Jr., was killed while transferring propane fuel from a master tank to the tank on their father's truck. The father, appellant here, brought this action to recover damages from Mrs. C. C. Fricks, Sr., d/b/a Fricks Butane Company, Sam Fricks, Phillips Petroleum Company, Union Petroleum Corporation, and Shell Oil Company. The jury absolved appellees of fault and judgment was accordingly entered against plaintiff-appellant's claims. After the trial, appellant discovered that one of the jurors was the husband of a receptionist in the office of one of the firms representing appellees. That fact was brought before the court in a motion for new trial. After hearing all the evidence proffered the court overruled the motion and that action is the sole ground urged here for reversal.

Unfortunately the examination of jurors to determine their qualifications to serve in the instant case was not recorded.

An array of attorneys participated in the trial and most of them made statements for the record at the hearing on the motion for new trial. Boyd Tackett and Nicholas H. Patton appeared for appellant. William L. Peek, Jr., Charles C. Wine, Thomas S. Arnold, and Victor Hlavinka, engaged in the trial for the various appellees. The crux of the problem before the court at the hearing was to determine whether questions propounded to the jurors on voir dire were such as should have put juror Raymond Wheelington on notice that he was duty bound to reveal that his wife was a receptionist in the office of the Wheeler law firm, of which Mr. Peek is a member.

Attorneys Tackett and Patton were the spokesmen for appellant at the hearing. Mr. Patton could not remember specific questions asked but "I do recall asking several questions that would go to any possible association of the jury with the various law firms, and I do recall asking specifically if the jury knew anything, which was unknown to the plaintiff's attorneys that might bias or prejudice the jury in any respect." Mr. Tackett said that no member of his firm knew of Mrs. Wheelington's connection with the Wheeler firm and that had they such knowledge her husband would have been peremptorily challenged. It was Mr. Tackett's recollection that Mr. Peek asked if any juror had any relationship with any member of the Tackett firm. He also said that he stood by Mr. Patton as the latter questioned the jurors. "When Mr. Patton asked all the general questions I requested him to ask the jury panel whether there was any business relationship with the members of the Wheeler law firm, the firm in which Mr. Peek was associated. Questions were also asked about business relationships of the jury panel regarding the other attorneys. When these questions were asked I requested Mr. Patton to ask if there was anything known to any member of the jury unknown to us that would cause them to be biased or prejudiced or would cause us to

start off behind any of the other attorneys that might be involved. Nobody answered the question." Mr. Tackett insisted that with the nature of the questions propounded both by Mr. Peek and Mr. Patton the juror should have known to have revealed his wife's connection. It was also Mr. Tackett's opinion that Mr. Peek should have volunteered the information.

Mr. Peek said that he knew Mr. Wheelington but that there was no personal relationship in any way; that as far as he knew, the man had never been in his office; that Mrs. Wheelington had been a receptionist for a little over a year; that Mr. Wheelington was a close friend of two members of the Tackett firm; that he felt the firm knew of Mrs. Wheelington's employment because her name was listed, together with her employment, in the city directory; that her listing is just under the listing of the Wheeler firm; that he did not recall any questions being asked which apprised the juror that he should relate his wife's connection. He did not recall any questions being asked which were calculated to cause the juror to respond about his wife's relationship with the Wheeler firm.

Attorney Tom Arnold stated that he did not recall any question which called for the disclosure. Attorney Victor Hlavinka stated his only recollection to be that questions were asked the jurors concerning representation of prospective jurors by the defense firms.

With respect to the listing in the city directory, which was conceded, Attorneys Tackett and Patton said they never used the directory to check jury lists. Mr. Patton said they had the directory in their office but Mr. Tackett was not aware of it.

An affidavit by juror Wheelington was introduced. He said the only inquiry he recalled was whether "any of such law firms were representing any of us at the present time on pending litigation." He said he specifically recalled that no inquiry was ever made which called for his reporting his wife's employment. He said he was a close friend of three of the attorneys repre-

senting appellant and had been a close neighbor to one of them; consequently he felt that they were aware of his wife's employment.

The trial court evidently took the matter under advisement. The hearing was held on March 15, 1971, and the order was March 26, 1971. That order simply said that "the motion for new trial filed on behalf of the plaintiffs in the above styled cause is hereby denied."

Appellant entered the hearing on the motion with the burden of first establishing that diligence was used to ascertain the desired information. *Arkansas State Highway Comm'n.* v. *Kennedy,* 233 Ark. 344, 349 S. W. 2d 132 (1961). It was also his burden to show that he made known to the juror the specific information desired. *Patton* v. *State,* 189 Ark. 133, 70 S. W. 2d 1034 (1934). It can hardly be disputed that the evidence was conflicting on both scores. Appellant's witnesses recalled that questions were asked the jurors touching their social or business associations with any of the lawyers in the case. Appellees' witnesses said that questions were asked the jurors about their being represented by any of the attorneys and no more. The juror was of the same impression. It was shown that the current city directory listed Mrs. Wheelington's occupation and that a copy of that directory was in the office of the Tackett law firm; on the other hand Mr. Tackett and Mr. Patton said they never used the directory to check jury lists. In the face of conflicting evidence the trial court had to find either (1) that due diligence was not shown by the complaining party, or (2) that it was not satisfactorily established that a specific question calling for a response by juror Wheelington that his wife worked for the Wheeler firm, was asked. Since there was substantial evidence to support either or both findings— or at least that appellant had not met his burden—we are not permitted to invade the judgment of the trial court.

Finally, we express no opinion of the result had a statutory disqualification been shown.

Affirmed.