Gordon ZIMMERMAN *v.* Zetta ASHCRAFT,
Administratrix of the Estate of
Lonnie ASHCRAFT, Deceased

CA 79-92                                    597 S.W. 2d 99
Court of Appeals of Arkansas
Opinion delivered March 12, 1980
Petition for review denied April 14, 1980
Released for publication April 16, 1980

*Laser, Sharp, Haley, Young & Huckabay, P.A.,* for appellant.

*Nathan Gordon,* for appellee.

DAVID NEWBERN, Judge. After a verdict was rendered for the appellant in this wrongful death action, counsel for the appellee was granted a new trial on the ground of juror misconduct. The misconduct alleged was that two jurors failed to respond when the court asked all the jurors if they had litigation pending in the circuit court or were involved in litigation in which the lawyers for either side in this case were participants. The appellant asks us to set aside the new trial order. We decline to do so.

The judgment based on the jury verdict was rendered February 9, 1978. The new trial motion was filed February 17, 1978. The judge took the motion under advisement on March 15, 1978, but reached no decision prior to his retirement from the bench. His successor granted the motion after a hearing.

No record was made of the *voir dire* of the jurors. In his verified motion for new trial, however, the appellant's counsel stated the court asked the jurors if any of them had litigation pending before it or were involved in litigation in which counsel in this case were participants. He further stated that the two jurors in question made no answer. No counter-affidavit or other evidence on this matter was presented by the appellant.

An affidavit of the circuit clerk was presented by the appellee showing the two jurors were parties to cases pending before the court, and that their interests were being opposed in those cases by counsel representing the defendant (appellee).

The appellant argues the granting of the new trial motion was improper because (1) the appellee's counsel did not

show diligence in discovering the facts with respect to the jurors, (2) no prejudice occurred to the appellee, and (3) there was no record from which the court could ascertain the question asked or the answers given or not given.

## 1. *Diligence*

We agree with the appellee's counsel that it would be unreasonable to require counsel to check the entire docket of the court to assure jurors are not parties to cases before the court or shown on the record as having a relationship to counsel in the case. We hold the diligence requirement of A. R. Civ. P. 59 and superseded Ark. Stat. Ann. § 27-1901 (Repl. 1972), does not go that far.

## 2. *Prejudice*

The appellant says the appellee was not prejudiced here because both of the jurors had interests opposed to the counsel for the appellant. Unlike the juror in the case of *Big Rock Stone & Material Co.* v. *Hoffman,* 233 Ark. 342, 344 S.W. 2d 585 (1961), these jurors certainly could have been aware they were not answering truthfully. The controlling cases are *Ark. State Highway Commission* v. *A. L. Young,* 241 Ark. 765, 410 S.W. 2d 120 (1967), and *Hot Springs Street Railway Co.* v. *Adams,* 216 Ark. 506, 226 S.W. 2d 354 (1950), in which our supreme court made it clear that even the appearance of juror misconduct will be enough to warrant relief. Thus, we are unwilling to say that, even if we could be certain these jurors would not have been predjudiced by their relationships to counsel, we would find the granting of a new trial to have been improper.

## 3. *Lack of Record*

This point troubles us more than the others. The appellant correctly says the trial court had no record before it from which it could ascertain the questions asked the jurors or the answers given. That is correct to the extent it is the same as saying no transcript was made at the trial of the *voir dire* of the jurors. However, the trial court did have, in addition to the clerk's affidavit showing the jurors as parties in

pending cases, the verified new trial motion, sworn by the appellee's lawyer, which said, in part:

> At the commencement of the trial after the jury had been sworn to answer questions concerning their qualifications, the Court had asked the jury if any of them had a case now pending before the Circuit Court of Conway County. That none of the jurors either answered or in any way indicated that they had any case now pending before the Circuit Court. That in truth and in fact, the juror, Wanda J. Alvey, has a case pending in the Circuit Court of Conway County, the style of the case being . . . . That the juror, Joe R. Johnson, has a case pending in the Circuit Court of Conway County, said case being styled . . . .

The appellant contends this was "testimony" on the part of counsel for a party and thus not to be allowed. We are aware of the rule of the many cases the appellant has cited on this point that one should not be allowed to take the witness stand in a case in which one acts as counsel. We cannot ignore, however, the cases in which, after a trial is over, and there is need to "reconstruct" the record counsel's affidavits, and indeed their oral testimony, are properly considered. *E.g., Lemley* v. *Fricks,* 251 Ark. 923, 475 S.W. 2d 702 (1972); *Kane* v. *Erich,* 250 Ark. 448, 465 S.W. 2d 327 (1971).

In this case the judge said he would assume the facts were as stated in the verified motion. We do not find that to be an unwarranted assumption in view of the fact that the motion was made by an officer of the court stating facts under oath. Although the appellant says the facts were in dispute as to what was asked to the jurors, we find no evidence offered in any form which contradicts the appellee's counsel's statements in the motion.

We hold the statements in the verified motion are substantial evidence, and the burden was thereby cast upon the appellee to overcome it. It is troublesome that the judge who granted the motion was not the one who heard the *voir dire,* but we cannot say that fact should change the outcome. Had the original judge heard the motion, the evidentiary require-

ment and the inadequacy of the *voir dire* record would have been the same. The lack of a complete record on the matter as to which error is alleged is no impediment to appeal. See A.R. App. P. 6(d). We hold it should not be a bar to a new trial when substantial evidence of what transpired is before the trial court even though the judge may not have presided over the original proceedings.

Affirmed.