ARKANSAS POWER & LIGHT CO. *v.*
Frank and Linda BOLLS and Joe and Judy Clark

CA 93-1248                                    888 S.W.2d 319

Court of Appeals of Arkansas
Division II
Opinion delivered December 7, 1994

*Friday, Eldredge & Clark*, by: *Scott J. Lancaster*, for appellant.

*Ramsay, Bridgforth, Harrelson & Starling*, by: *William M. Bridgforth*, for appellees.

MELVIN MAYFIELD, Judge. Appellant, Arkansas Power & Light, brings this appeal from the trial court's order granting appellees' motion for a new trial.

The appellees Frank and Linda Bolls and Joe and Judy Clark, represented by William Bridgforth of the Ramsay law firm, brought suit against the appellant for damages resulting from a fire. After a jury trial, the jury returned a verdict in favor of the appellant. On April 5, 1993, a judgment was entered in appellant's favor and the appellees' complaint dismissed with prejudice.

On April 9, 1993, the appellees filed a Motion for New Trial or, alternatively, Motion for Judgment Notwithstanding the Verdict pursuant to Ark. R. Civ. P. 59 and 50, based upon irregularity in the proceedings or misconduct of the jury. The motion alleged that during voir dire counsel for the appellees asked whether any potential juror had ever been sued by the Ramsay law firm or been adverse in a lawsuit to a party represented by that firm; that in 1985 Wanda Bateman, one of the potential jurors, had been sued by the firm in federal court; that the lawsuit in federal court was extensive and concluded by consent judgment in favor of Ms. Bateman's adversary; that Ms. Bateman failed to disclose these facts on voir dire in the present case; and as a direct result of this failure Ms. Bateman was seated as a juror and made foreperson. Attached to the motion was a copy of the federal court complaint filed by the plaintiff by its attorney, John G. Lile, III, of the Ramsay firm against Ms. Bateman.

In an affidavit filed May 6, 1993, Ms. Bateman stated, among

other things, that the previous legal action did not cross her mind at any time during the questioning of the jurors or at any time during the trial and subsequent deliberations; that had it come to mind and had she associated John Lile with Mr. Bridgforth's firm and felt any doubt or concern regarding her ability to serve as a fair and impartial juror, she would have spoken up; that it played no part in the jury's deliberations or decision; and that it did not bias or prejudice her involvement in the case.

On May 25, 1993, the trial court entered an order setting aside the judgment for appellant and granted appellees a new trial.

On appeal, the appellant contends the trial judge abused his discretion in granting appellees' motion for new trial. Appellant argues that Mr. Lile represented the plaintiffs in federal court, but here Mr. Bridgforth was the representing attorney; that there is no reason to doubt that after seven years Ms. Bateman did not associate these two attorneys as being from the same firm; and because she did not associate the prior lawsuit with the current suit there was no prejudice to the appellees.

Appellant also points out that Ark. Code Ann. § 16-31-107 (Repl. 1994) provides, in part, as follows:

> No verdict or indictment shall be void or voidable because any juror shall fail to possess any of the qualifications required in this act unless a juror shall knowingly answer falsely any question on voir dire relating to his qualifications propounded by the court or counsel in any cause.

Appellant contends Ms. Bateman's unintentional failure to respond was not done knowingly, and it argues this case is analogous to *Big Rock Stone & Material Co.* v. *Hoffman*, 233 Ark. 342, 344 S.W.2d 585 (1961), and *Moody Equipment & Supply Co.* v. *Union National Bank*, 273 Ark. 319, 619 S.W.2d 637 (1981).

In *Big Rock*, the appellees filed a motion for a new trial alleging they had learned that one of the jurors failed to disclose on voir dire that he was then being represented in a pending case by the appellant's attorneys. The trial judge found that the juror had *no knowledge* of the pending case but granted the new trial. The supreme court reversed because the juror's lack of knowl-

edge made it "impossible" for that case to prejudice him and said "his conduct in failing to respond to [the] inquiry can only be regarded as truthful and candid." 233 Ark. at 345, 344 S.W.2d at 587. Appellant argues here, as in *Big Rock*, there is no reason to believe that the juror was not answering truthfully or knew the appellees' law firm had been previously adverse to her.

In *Moody Equipment*, the trial judge granted the appellee's motion for a new trial on the basis of misconduct of a witness. Our supreme court held that it is not the place of the appellate court to set aside the trial judge's decision granting a new trial unless it can say with confidence that the trial court "markedly abused" its discretion. The court also said it is fundamental that the trial court's discretion increases proportionately as the situation presents to it a question that cannot equally well be presented to the appellate court by the printed record. Because the issue could not be "equally well presented" by the printed record, our supreme court affirmed the trial court. The appellant argues that in the present case the trial judge's discretion is not as high as in *Moody Equipment* because all the evidence necessary to make the determination in the present case is in the record.

In *Diemer* v. *Dischler*, 313 Ark. 154, 852 S.W.2d 793 (1993), the court said that when a new trial is requested because of juror misconduct under Ark. R. Civ. P. 59(a), the moving party must show that the party's rights have been materially affected by demonstrating that a reasonable possibility of prejudice has resulted from the misconduct; prejudice, in such instances, is not presumed; trial courts, however, are vested with great discretion in acting on motions for new trial, and in a case in which a new trial is requested on the ground of juror misconduct, the appellate court will not reverse the trial court's decision unless there is a manifest abuse of that discretion. *See also Trimble* v. *State*, 316 Ark. 161, 871 S.W.2d 562 (1994).

In *Razorback Cab of Ft. Smith, Inc.* v. *Martin*, 313 Ark. 445, 856 S.W.2d 2 (1993), the court said that abuse of discretion in granting a new trial means a discretion improvidently exercised, that is, exercised without due consideration, and a showing of abuse is more difficult when a new trial has been granted because the party opposing the motion will have another opportunity to prevail.

Here, we are unwilling to say that the trial court abused its discretion in granting a new trial. Even the appearance of juror misconduct has been held enough to warrant relief. *Zimmerman* v. *Ashcraft, Administrator*, 268 Ark. 835, 597 S.W.2d 99 (Ark. App. 1980).

Affirmed.

COOPER and ROBBINS, JJ., agree.