James AIKENS *v.* STATE of Arkansas

CR 06-928                                    249 S.W.3d 788

Supreme Court of Arkansas
Opinion delivered February 8, 2007

[Rehearing denied March 15, 2007.*]

*Jeff Rosenzweig*, for appellant.

*Mike Beebe*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. This case involves an appeal from an order of the circuit court denying a motion made

---

* IMBER, J., not participating.

by appellant James Aikens and his attorney for the refund of $3.00 paid to the bailiff of that court for potential juror questionnaires. We reverse the order of the circuit court denying the refund.

On April 19, 2006, James Aikens was tried and acquitted of second-degree sexual assault in Pulaski County Circuit Court, First Division. Before trial, on April 14, 2006, Mr. Aikens, through his counsel, Jeff Rosenzweig, asked the bailiff of that division of circuit court for a list of potential jurors and their questionnaires. The bailiff would not provide this information to Mr. Rosenzweig until he paid the bailiff a $3.00 fee. Mr. Rosenzweig refused to pay the fee and, instead, filed a Motion for Provision of Jury List and Questionnaires, in which he asked the circuit court to order the bailiff to provide the jury information to his client, Mr. Aikens, free of charge. Mr. Rosenzweig stated in this motion that (1) there was no authority for the $3.00 charge, (2) there was no comparable charge to the prosecutor, and (3) he had prevailed on this issue in the circuit court previously.

The circuit court denied the motion, and Mr. Rosenzweig paid the $3.00 fee to the bailiff on behalf of Mr. Aikens. Just before trial, Mr. Rosenzweig moved the court for a refund of the fee, which the circuit court again denied. Because that ruling was made in open court and not reduced to writing at that time, the circuit court entered a *nunc pro tunc* order after trial on August 17, 2006, in which the court stated that Mr. Aikens's motion for a refund had been denied.

Mr. Aikens contends as his sole point on appeal that under Rule 32.1 of the Arkansas Rules of Criminal Procedure, defendants or their attorneys are entitled to written questionnaires completed by prospective jurors. He further asserts that there is no statute or other court rule authorizing the bailiff of the circuit court to charge a fee for access to this information. Under Rule 32.1, he contends that prosecutors are entitled to obtain the jury information free of charge, and, therefore, defendants should have free access to this same information as well.

The State responds that Mr. Aikens's counsel, Mr. Rosenzweig, is the real party in interest in this appeal, and because Mr. Rosenzweig had no interest in the acquittal below, he does not have standing to raise this claim concerning the bailiff's actions on appeal. The State contends, in addition, that ruling in Mr. Rosenzweig's favor on this appeal would open this court to refereeing endless disputes between bailiffs and attorneys.

The focal point of this appeal is Rule 32.1, which reads:

> The circuit court shall require members of petit jury panels to complete written questionnaires setting forth the following information:
>
> (i) age;
>
> (ii) marital status;
>
> (iii) extent of education;
>
> (iv) occupation of juror and spouse; and
>
> (v) prior jury service.
>
> Upon request, such questionnaires shall be made available by the clerk of the court to the defendant or his counsel and the prosecuting attorney. Upon a showing of good cause, additional information may be furnished regarding jurors by order of the court.

Ark. R. Crim. P. 32.1 (2006).

Our standard of review for the interpretation of court rules is as follows:

> We construe rules using the same means, including canons of construction, that are used to interpret statutes. *Williams v. State*, 347 Ark. 728, 67 S.W.3d 548 (2002); *Smith v. Smith*, 341 Ark. 590, 19 S.W.3d 590 (2000). The first rule in considering the meaning and effect of a statute or rule is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. When the language is plain and unambiguous, there is no need to resort to rules of statutory construction. *Yamaha Motor Corp., U.S.A. v. Richard's Honda Yamaha*, 344 Ark. 44, 38 S.W.3d 356 (2001).

*National Front Page, LLC v. State ex rel. Pryor*, 350 Ark. 286, 291, 86 S.W.3d 848, 851 (2002).

The State first contends in support of the circuit court's order that this appeal is brought by Mr. Rosenzweig and not by Mr. Aikens, and that Mr. Rosenzweig does not have standing to appeal. We disagree. Mr. Rosenzweig has advised this court that the $3.00 fee was paid from the fee that Mr. Aikens was charged by Mr. Rosenzweig for representation. Mr. Rosenzweig, as a licensed

attorney in good standing, is an officer of the court, and we have no reason to dispute his assertion in this regard. Accordingly, we will consider this appeal on the merits.

We further disagree with the State's argument that the only order that Mr. Aikens may appeal from is his acquittal. Mr. Aikens specifically stated in the notice of appeal that he is appealing from the circuit court's *nunc pro tunc* order, entered on August 17, 2006, which denied him a refund for the $3.00 fee paid to the bailiff. This court allowed a similar appeal in *Swindle v. Benton County Circuit Court*, 363 Ark. 118, 211 S.W.3d 522 (2005), where a defendant's retained attorney was ordered to pay $150 for interpreting services that were provided to the Spanish–speaking defendant. In that case, the defense attorney personally appealed the circuit court's order in his client's case directing him to pay the $150 fee. The appeal was allowed by this court even though the order appealed from was irrelevant to the conviction or acquittal of the criminal defendant. According to our precedent in *Swindle, supra*, Mr. Aikens may properly appeal the circuit court's *nunc pro tunc* order.

Rule 32.1 states that the potential juror information "shall" be made available to the defendant or his counsel upon request. The word "shall" has been consistently construed by this court to mean mandatory compliance. *See, e.g., Ray & Sons Masonry Contractors, Inc. v. U.S. Fidelity & Guar. Co.*, 353 Ark. 201, 114 S.W.3d 189 (2003). This rule, as a result, makes clear that the clerk of the circuit court must make this information available when requested by the defendant's counsel. Furthermore, the rule makes no mention of whether a fee may be charged. On this point, neither Ark. Code Ann. § 16-10-301 – 16-10-305 (Repl. 1999), which authorizes the assessment of certain court costs, nor Ark. Code Ann. § 21-6-402 – 21-6-406 (Repl. 2004), which authorizes certain fees to be charged by circuit and county clerks, refers to a fee that may be charged by bailiffs, clerks, or the courts for potential juror information.

Mr. Aikens makes the assertion in his brief on appeal that because jury management is delegated to individual courts in Pulaski County, and, by extension, their bailiffs, he could not have gotten the potential juror list and questionnaires from the circuit clerk, irrespective of the language in Rule 32.1. He contends that only the bailiff had the information. This fact is not disputed by the State. This court has found no statute, rule, or opinion that

provides that bailiffs are in charge of potential juror information in Pulaski County, but that appears to be the practice, at least in First Division Circuit Court. Clearly, the proper route for obtaining this information is through the circuit clerk under Rule 32.1, but that appears not to be the practice.

We conclude that the circuit court erred in not refunding the $3.00 fee charged to Mr. Aikens. There is no authorization for the fee by statute or rule, and, therefore, charging the fee as a prerequisite to obtaining juror information violates Rule 32.1. This court has consistently maintained that fees may only be charged by public officials if authorized by a statute or rule. *See, e.g., Wood v. Tyler,* 317 Ark. 319, 877 S.W.2d 582 (1994); *Huddleston v. Craighead County,* 128 Ark. 287, 194 S.W. 17 (1917). Hence, even if the potential juror information could have been retrieved from the clerk's office, the fee charged by the bailiff was improper because it was not authorized by a statute or rule.

Again, what is troubling to this court is the fact that not only does the State not dispute Mr. Aikens's allegations that the juror information could not be gathered from the clerk's office, that the fee was unauthorized, and that the prosecutor was not charged any fee for the same information, but also that the State offers no explanation or purpose for the fee imposed by the bailiff. Nor did the State dispute the allegations made by Mr. Rosenzweig, as an officer of the court, on behalf of Mr. Aikens in the Motion for Provision of Jury List and Questionnaires. *Cf. Zimmerman v. Ashcraft,* 268 Ark. 835, 597 S.W.2d 99 (Ct. App. 1980) (appellate court accepted facts alleged by counsel in motion as officer of court and under oath).

We reverse and remand with directions that the circuit court require the bailiff to refund the $3.00 fee to Mr. Aikens. We emphasize, however, that by this opinion, this court is in no way obligating bailiffs to furnish potential juror lists and questionnaires to defense counsel. We only take issue with the practice of a bailiff charging defense counsel a fee for providing this information, which runs counter to Rule 32.1.

Reversed and remanded.

IMBER, J., not participating.