The Honorable Thomas D. Deen Prosecuting Attorney Tenth Judicial District 506 South Main Street Monticello, Arkansas 71655
Dear Mr. Deen:
I am writing in response to your request for an opinion on two questions regarding the imposition of incarceration costs against defendants committed to the county jail. Specifically, you relate the following information and pose the following two questions, which I have set out separately below:
 On October 9, 2007, the Quorum Court of Ashley County adopted Ordinance No. 2007-013, a copy of which is enclosed. This ordinance establishes a fee of $ 10 for a warrantless arrest; a fee of $ 50 for an arrest with a warrant; and a daily housing fee of $ 45. These fees are premised on Ark. Code Ann. § 12-41-505(a), which mandates that those committed to the common jail of a county "pay the expenses in carrying him or her to jail and also for his support from the day of his or her initial incarceration for the whole time he or she remains there." The amount of the arrest and daily housing fees set forth in the ordinance was based upon a finding of the average cost to the county.
 I note that in Att'y Gen. Op. No. 2004-052, it was stated that an authorized mileage charge was provided for by § 12-41-505(a), but that the amount must be determined on a case-by-case basis taking into consideration the particular facts and the actual costs incurred.
 Please provide your opinion as to whether or not the arrest fees and daily housing fee imposed by the ordinance based upon an average cost to the county are authorized by § 12-41-505(a).
 Please also provide your opinion as to whether the ordinance's assessment of costs of the county's actual medical and other out-of-pocket expenses paid for a defendant's care is authorized.
RESPONSE
In response to your first question, in my opinion a substantial question is presented as to whether a county is authorized to establish a separate fee for arresting a prisoner as an expense of "carrying him . . . to jail" under A.C.A. § 12-41-505(a). The exact method of calculating the expense of "carrying" prisoners to jail is unclear under current law, in light of the repeal of former laws expressly setting fees of sheriffs and constables for transporting prisoners. Legislative clarification is indicated. As for the daily housing fee, in my opinion such fee is reasonably encompassed with the parameters of "support" within the meaning of A.C.A. § 12-41-505(a). In response to your second question, in my opinion the imposition of actual costs for out-of-pocket expenses and medical expenses is authorized under state law by A.C.A. § 12-41-505(a), which requires the defendant to pay "the expenses . . . for his or her support from the day of his or her initial incarceration for the whole time he or she remains there."
Question 1 — Please provide your opinion as to whether or not the arrest fees and daily housing fee imposed by the ordinance based upon an average cost to the county are authorized by § 12-41-505(a).
I must state as an initial matter, that as an executive official of state government, I cannot undertake a general review of county ordinances to determine their legality. See, e.g., Op. Att'y Gen. 90-038
(stating that this office "cannot, as a practical matter, undertake a general review of proposed county ordinances to determine if there is any "problem" with them). In addition, as my predecessors and I have noted on many occasions, this office cannot construe local ordinances. See, e.g., Op. Att'y Gen. Nos. 2008-009; 2007-235; and 2005-278 (and opinions cited therein). The interpretation of local ordinances necessarily involves a determination of the intent of the local legislative body, a factual matter that this office is not well situated to consider and address. It also requires a consideration of other factors of which this office is unaware that could reflect a particular intent on the part of the local legislative body that is not apparent from the face of the ordinance. The awareness of such factors is a matter within the local domain, rather than the domain of this office.
This office has traditionally restricted its discussion of such matters to any applicable state law that may be implicated. See, e.g., Ops. Att'y Gen. 2007-023; 2006-113; and 2004-173. I will thus narrowly discuss the state law applicable to the two questions you pose, without commenting further on any broader aspects of the ordinance in question.
That being said, the state law about which you have inquired is A.C.A. § 12-41-505(a), which was originally adopted as a part of the Revised Statutes of 1838. The statute was subsequently amended in 1999 and 2007. See Acts 1999, No. 1128 and Acts 2007, No. 117. Subsection (a) of the statute provides as follows:
 (a)(1) Every person who may be committed to the common jail of the county by lawful authority for any criminal offense or misdemeanor, if he or she shall be convicted, shall pay the expenses in carrying him or her to jail and also for his or her support from the day of his or her initial incarceration for the whole time he or she remains there.
 (2) The expenses which accrue shall be paid as directed in the act regulating criminal proceedings.[1]
As you note, the County has adopted an ordinance in this regard to impose the costs described in subsection (a) for "carrying him or her to jail" and for "his or her support" during the incarceration. Sections 1 and 2 of the ordinance impose the arrest fees you describe, and Section 4 imposes the daily housing fee, as follows:
 Section 1: Fee for Warrantless Arrest: Based on the average expense incurred by the County for the arrest-without-a-warrant portion of "carrying . . . to jail, "the arrest fee" to be charged an arrestee as a "cost of carrying to jail" upon arrest without a warrant shall be, if convicted, $ 10.00;
 Section 2: Fee for Warrant Arrest: Based on the average expense incurred by the County for the arrest-with-a-warrant portion of "carrying . . . to jail," the "arrest fee" to be charged an arrestee as a "cost of carrying to jail" upon arrest with a warrant shall be, if convicted, $ 50.00.
* * *
Section 4: Daily Housing Fee: Based upon the "daily average jail housing cost" incurred by the County for housing a person in the County Jail the "jail housing fee" that will be charged as a part of the "expenses . . . for . . . support from the day of . . . initial incarceration for the whole time he remains there" for all persons booked into the jail (which does not include any out-of-pocket expenses directly related to the treatment of a particular jail detainee nor the capital cost of the jail facility itself but includes all other jail operating costs) shall be, if convicted, $ 45.00. . . .
In my opinion, as an initial matter, any expenses or fees imposed by a county under the statute must fall within the language of the statute. As stated by the Arkansas Supreme Court in Aikens v. State,368 Ark. 641, 645, 249 S.W.3d 788
(2007) "This court has consistently maintained that fees may only be charged by public officials if authorized by a statute or rule," citing Wood v. Tyler, 317 Ark. 319, 877 S.W.2d 582
(1994) and Huddleston v. Craighead County, 128 Ark. 287, 194 S.W. 17
(1917). See also, Jefferson County v. Hudson, 22 Ark. 595 (1861) (the county court is not authorized to allow the claim of a sheriff for boarding a prisoner, unless it appears that the claim is within the provisions of the statute). Two categories of expense are authorized to be charged to convicted persons under A.C.A. § 12-41-505(a): "expenses in carrying him or her to jail," and expenses "for his or her support from the day of his or her initial incarceration for the whole time he or she remains there." The salient issue presented by your first question is whether the "arrest fees" and "daily housing fee" fall within this language.
As to the "arrest fees" set in the ordinance ($ 10 for arrest without a warrant and $ 50 for arrest with a warrant), in my opinion a substantial question is presented as to whether a county is authorized to establish a separate fee for arresting a prisoner as an expense of "carrying him . . . to jail." It is difficult to construe the language of the statute in this regard, because as noted above, it has existed since the compilation of the Revised Statutes of 1838. Statutes on this area of law have been amended and added many times in the ensuing years. It should be noted, however, that under current law, a separate fee is already chargeable by the sheriff for serving an arrest warrant. See21-6-307(a)(14) (Repl. 2004) (authorizing the charging of a $ 50 fee by sheriffs "For serving warrant or order of arrest from any court").[2]
This statutorily-authorized warrant fee is presumably fixed against the defendant in a judgment for costs upon the entry of a judgment and commitment order. See A.C.A. § 16-90-113 ("In judgments against the defendant, a judgment for costs shall be rendered in addition to the other punishment" and "[t]his judgment shall be taxed by the clerk and shall be for the benefit of the officers rendering the service"). The "arrest fee" set out in the ordinance, however, states that it is for the "cost of carrying [a prisoner] to jail," and thus indicates that it is for a service separate than making an arrest. Nonetheless, an additional fee imposed by a county and denominated as an "arrest fee" might be viewed by the Arkansas Supreme Court as duplicative of the existing fee and thus unauthorized. See, e.g., A.C.A. § 21-6-307(f) ("[t]he fees set forth in this section shall be the sole and exclusive fees to be charged by the sheriffs of the several counties of this state for each of the services enumerated in this section"); A.C.A. § 16-10-305 ("No . . . county shall authorize and no city court, district court, or circuit court shall assess or collect any other court costs other than those authorized by this act, unless specifically provided by state law"); and Aikens, supra ($ 3 bailiff fee for obtaining juror information was unauthorized where not referred to in A.C.A. §§ 16-10-301
to-305, or A.C.A. §§ 21-6-402 to-406).
Even if the ordinance's "arrest fees" are viewed as being imposed for transportation expenses under A.C.A. § 12-41-505(a), rather than for arrest, questions remain as to whether they represent the proper method of calculating the expenses of "carrying [a prisoner] to jail" under A.C.A. § 12-41-505(a). For example, it is unclear how transportation costs differ between arrests made with a warrant and warrantless arrests, sufficient to justify a $ 50 fee for the former, as opposed to a $ 10 fee for the latter. Again, any fees imposed must be clearly within the ambit of the authorizing statute. Section 12-41-505(a) authorizes the imposition of charges in this regard only for the costs of "carrying [a prisoner] to jail."
In interpreting the authority granted counties in this regard, it may be helpful to look at the history of the statute. At the time this portion of A.C.A. § 12-41-505 was originally compiled (under Chapter 81 of the Revised Statutes of 1838, entitled "Jails"), sheriffs where authorized under in a separate chapter of the Revised Statutes (under Chapter 61 discussing costs), to charge a fee for "committing a criminal or other person to jail." Rev. Stat. Ch. 61, § 8. A sheriff was also authorized to charge 5¢ a mile for "serving each writ, process, notice, subpoena, or rule, except in county matters. . . ." Similar fees were chargeable by constables in 1838 for "serving warrants in criminal cases," for "taking a criminal or debtor to jail" and for "every mile necessary travel in executing any process civil or criminal within his township. . . ." See also current A.C.A. § 21-3-308(c)(2) Repl. 2004) (authorizing a $ 2.00 fee for a constable "taking a criminal to jail").
At the time the language of A.C.A. § 12-41-505(a) was originally adopted, therefore, it appears that the expenses authorized by A.C.A. § 12-41-505(a) for "carrying [a prisoner] to jail" referred back to the existing statutory fees allowed various officers in apprehending, transporting and committing defendants to jail. Such fees were then and are now to be "paid as directed in the act regulating criminal proceedings." See A.C.A. § 12-4-1505(a)(2). In 1838, this was presumably a reference to Revised Stat. Chapter 45, §§ 197 — 212, some of which is now codified at A.C.A. § 16-92-101 to-105 (Repl. 2006). The latter statute provides that: "Fees allowed in criminal cases shall be paid by the defendant, but if sufficient property belonging to the defendant cannot be found for that purpose, the fees shall be paid by the county. . . ." (Emphasis added). See also, the latter-adopted provisions of A.C.A. § 16-90-113, referred to earlier ("In judgments against the defendant, a judgment for costs shall be rendered in addition to the other punishment" and "[t]his judgment shall be taxed by the clerk and shall be for the benefit of the officers rendering the service"). (Emphasis added.) See also A.C.A. §§ 5-4-203 and-204. These statutes thus appear to contemplate the imposition of existing statutory officers' fees against the criminal defendant upon the entry of a judgment against him.
The trouble with currently using these statutory fees as a basis for calculating the expenses of "carrying" a prisoner to jail under A.C.A. § 12-41-505(a), is that many of these specific fees have been amended away by subsequent law. For example, Acts 1981, No. 256 deleted the former authority in Act 1977 No. 399 for sheriffs to charge $ 2.00 for "committing a criminal to jail" and the reference to "mileage in serving each writ, process, notice subpoena or rule . . ."). See also Acts 1961, No. 472, deleting the reference in Acts 1947 No. 221 to constables receiving the same compensation for mileage as received by sheriffs for similar services). The 1981 Act referred to above streamlined the actions of sheriffs for which fees could be charged, and substantially increased the fees for the remaining actions. For example, the fee for a sheriff serving an arrest warrant went from $ 3.00 in 1977 to $ 15.00 in 1981. This action was presumably undertaken in light of the adoption of Arkansas Constitution, Amendment 55, which abolished fee-based compensation of county officers. See Arkansas Constitution, Amendment55, § 5.
In the absence of any statutorily-set fees for transporting defendants to jail, or any clear state law delegation of authority to determine such amounts, some uncertainty exists as to the proper method by which a county may impose the expenses of "carrying [a prisoner] to jail" under A.C.A § 12-41-505(a). Legislative clarification may be warranted on that point. In any event, in my opinion substantial doubt exists as to whether a county is authorized to impose a separate, additional "arrest fee" for "carrying [a prisoner] to jail" under the provisions of A.C.A. § 12-41-505(a). As noted above, I cannot determine that the $ 50 and $ 10 fees in this regard are clearly within the ambit of A.C.A. § 12-41-505(a) for "carrying [a prisoner] to jail."[3]
The second part of your first question inquires about the "daily housing fee" set in the ordinance and whether it is authorized under A.C.A. § 12-41-505(a) as an expense "for [a prisoner's] support from the day of his or her initial incarceration for the whole time he or she remains there." In my opinion a daily housing fee is reasonably encompassed with the parameters of "support" within the meaning of this statute. State law, however, does not set any particular fee in this regard. The amount of the fee will presumably be determined at the local level, in accordance with A.C.A. § 12-41-504, which provides:
The quorum court in each county shall prescribe the method and procedure for feeding and keeping prisoners confined in the county jail and shall provide for payment for food and services.
This statute was adopted in 1977 (Act 342), and repealed and replaced a series of historical acts granting sheriffs a per-day fee and other expenses for feeding and keeping prisoners. See Rev. Stat., ch. 81, § 6 (requiring the sheriff or jailer, when a prisoner was unable to buy or procure necessary food, to provide food for his support, and if weather or sickness of the prisoner necessitated, to provide fuel, clothing or bedding and allowing the sheriff a reasonable compensation for food and incidental expenses); Acts 1907, No. 13 (allowing the sheriff 75¢ per day for feeding prisoners in addition to the reasonable compensation for fuel, clothing, bedding, etc. . . .); Acts 1949, No. 288 (allowing $ 1.50 per day for "feeding and keeping a prisoner" per day); Acts 1965, No. 158
(increasing the sheriff's daily fee from $ 1.50 to $ 2.00); and Acts 1973, No. 494 (increasing the sheriff's daily fee from $ 2.00 to $ 3.00).
As stated above, the expenses for support of prisoners are not currently set by state law. The method and process in this regard are delegated by statute to local calculation. A.C.A. § 12-41-504. See also, e.g., A.C.A. § 12-41-506 (authorizing a quorum court to set a daily fee to be charged municipalities for keeping municipal prisoners in the county jail). Although I cannot speak to the lawfulness of any particular local fee charged under A.C.A. § 12-41-505(a), I can state that a "daily housing fee" for the support of prisoners, is in my opinion within the ambit of that subsection, which requires a convicted defendant to pay "the expenses . . . for his or her support from the day of his or her initial incarceration for the whole time he or she remains there."
Question 2 — Please also provide your opinion as to whether the ordinance's assessment of costs of the county's actual medical and other out-of-pocket expenses paid for a defendant's care is authorized.
The ordinance states in this regard that:
 The actual out-of-pocket expenses (like medical care expenses) incurred by the County in housing a person in the County Jail shall be, if convicted, charged to the jail detainee as a part of the "expenses . . . for . . . support from the day of . . . initial incarceration for the whole time he remains there," if convicted.
Id. at § 5.
The ordinance thus provides for the imposition of actual expense per defendant for these expenses, instead of any daily average fee in this regard. In my opinion, although I cannot opine on the particular provisions of this ordinance, the imposition of actual costs in this regard is authorized under state law by A.C.A. § 12-41-505(a), which requires the defendant to pay "the expenses . . . for his or her support from the day of his or her initial incarceration for the whole time he or she remains there." This conclusion seems consistent with the historical language and intent of the statute, which authorized a "reasonable compensation" for the provision of incidental expenses incurred in the keeping of prisoners. See again, Rev. Stat. Ch. 81, § 6.
With regard specifically to medical expenses, my predecessors and I have discussed this issue on several occasions, most recently in Op. Att'y Gen. 2007-043, in which I stated that:
 State law is therefore clear in requiring the County to provide medical and other services to county jail inmates. This requirement is also imposed under federal constitutional principles. . . . [S]tate law in my opinion requires that the County must pay, although it may obtain reimbursement from the inmate, or from the inmate's property. The inmate is ultimately responsible for the cost of medical services pursuant to A.C.A. § 12-41-505. . . .
Id. at 2-3.
In my opinion, as stated above, the imposition of actual costs in this regard is not inconsistent with state law. Of course, pursuant to A.C.A. § 5-4-203 (Repl. 2006), the court is granted discretion in determining whether a defendant's nonpayment of a fine or costs is due to "purposeful refusal to obey," or other reason. In the latter event, the court may allow a defendant additional time to pay, or may revoke the costs or unpaid portion in whole or in part. Id. at (a)(4).
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
[1] Your first question inquires only about subsection (a) of the statute. The 2007 amendment by Act 117 added a subsection (b) to the statute and amended subsection (c), which now provide as follows: (b)(1) A person convicted of a felony or a Class A misdemeanor shall be assessed a booking and administration fee of twenty dollars ($ 20.00). (2)(A) The booking and administration fee described in subdivision (b)(1) of this section shall be assessed upon the conviction of a defendant and included in the judgment of conviction entered by the court. (B) If a court suspends imposition of sentence on a defendant or places him or her on probation and does not enter a judgment of conviction, the court shall impose the booking and administration fee as a cost. (3) The booking and administration fee assessed under subdivision (b)(1) of this section shall be deposited into a special fund within the county treasury to be used exclusively for the maintenance, operation, and capital expenditures of a county jail or regional detention facility. (c) The property of the person shall be subject to the payment of the expenses and the booking and administration fee.
[2] I have found no former or current statute expressly authorizing any fee or charge for a warrantless arrest. See McHenry v. Hot Spring County, 57 Ark. 565 (1893) (sheriff was not entitled to any fee for mileage in connection with a warrantless arrest, because the statute did not allow it). Again, fees are allowed public officers only to the extent authorized by law.
[3] You have noted, but not inquired about the imposition of mileage charges against a defendant. My predecessor issued two opinions on that topic. See Ops. Att'y Gen. 2003-019, and 2004-052 (concluding that a mileage charge is "clearly authorized for transportation of defendants to county jail" but that "the calculation of the charge is a matter that must be addressed on a case-by-case basis taking into consideration the particular facts and the actual costs incurred by the city"). As stated above, former statutory law apparently authorized mileage for sheriffs and constables in transporting defendants, but such state law authorization has been repealed. See Acts 1981, No. 256 (deleting the former authority in Act 1977 No. 399 for sheriffs to charge "mileage in serving each writ, process, notice subpoena or rule . . .") and Acts 1961, No. 472, deleting the reference in Acts 1947 No. 221 for constables to receive the same mileage compensation as sheriffs). Again, legislative clarification may be warranted on this point. *Page 1